**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **AARON ALBERT MITCHELL, JR.,**<br>**Plaintiff,**<br>**v.**<br>**TOWNSHIP OF WILLINGBORO, *et al.*,**<br>**Defendants.** | **Case No. 24–cv–07167–ESK–SAK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on plaintiff Aaron Albert Mtichell's motion for reconsideration (Motion) (ECF No. 64–2 (Mov. Br.)); and defendants[1] having filed a brief opposing the Motion (ECF No. 71 (Opp'n Br.)); and the Court finding,

## BACKGROUND AND PROCEDURAL HISTORY

1. In early 2022, Mitchell applied to the Board for approval to construct a large, detached accessory structure on his property. (ECF No. 55 (Second Am. Compl.) ¶¶16–22.) Mitchell sought a use variance and related bulk variances to construct the structure to store work equipment, tools, lawn equipment, collector vehicles, and other personal property. (*Id.*)

2. The Board conducted a public hearing on Mitchell's first application on May 4, 2022. (Second Am. Compl. ¶22, 83.) Following the hearing, the Board denied the application. (*Id.*) That denial was memorialized by Resolution No. ZB-2022-7, adopted on July 6, 2022 (First Denial). (ECF No. 59–2 pp. 3–17.)

3. Mitchell submitted a second application seeking approval for a detached accessory structure of similar size. (Second Am. Compl. ¶22–27.) The Board conducted a public hearing on the second application on October 5, 2022, and again denied the requested relief. (*Id.* ¶41.) The denial was

[1] Defendants consist of: (1) Township of Willingboro (Willingboro); (2) Township of Willingboro Zoning Board of Adjustments (Board); (3) Theodore Evans; and (4) Steven Buchhofer.

memorialized by Resolution No. ZB-2022-9 (Second Denial), adopted on November 9, 2022. (ECF No. 59–2 pp. 18–33.)

4. On April 7, 2025, Mitchell filed the second amended complaint.[2] In the second amended complaint, Mitchell alleges that Willingboro discriminated against him based upon his disability when they denied his applications to construct a nonconforming accessory structure to store property that was in an existing garage, so that he could park his car in the existing garage. (Second Am. Compl. ¶ 88.) As relevant here, counts one, two, and six allege Willingboro violated the Fair Housing Amendments Act (FHAA) (*Id.* ¶¶ 89–98), the Americans with Disabilities Act (ADA) (*Id.* ¶¶ 99–106), and the Due Process Clause of the Fourteenth Amendment. (*Id.* ¶¶ 122–131.)

5. On March 11, 2026, I granted in part and denied in part (Opinion) Willingboro's motion to dismiss (ECF No. 59) the second amended complaint. *Mitchell v. Twp. of Willingboro*, No. 24–07167, 2026 WL 699556 (D.N.J. Mar. 11, 2026). Specifically, I granted the motion to dismiss as to the FHAA, ADA, and Fourteenth Amendment claims and severed the remaining federal claim.[3] *Id.* I then declined to exercise supplemental jurisdiction over the remaining state claims and dismissed them without prejudice. *Id.*

6. Mitchell filed the Motion on March 25, 2026, seeking reconsideration of the dismissal of the claims. ( Mov. Br. p. 1)[4]

## DISCUSSION

7. "The purpose of a motion for reconsideration … is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, [an order or] a judgment may be altered or amended if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [resolved] the

---

[2] Although Mitchell refers to a "Third Amended Complaint" throughout the Motion, I assume he is referencing the most recent complaint, which is the second amended complaint. (*See* Second Am. Compl.)

[3] I severed the fifth count asserting a claim for violation of the Fourth Amendment because the claim stems from an incident where Mitchell alleges a town official trespassed on his property. *Id.*

[4] The Motion seeks restoration of "Counts I, II, and III." (Mov. Br. p. 1.), but I dismissed count six, not count three. *Mitchell*, 2026 WL 699556, at *7. Count three was dismissed without prejudice because the order left no federal claims for adjudication in the action. *Id.* I will consider the Motion under the assumption that Mitchell intended to request reconsideration of the dismissal of count six.

motion …; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citations and quotations omitted).

8. Local Civil Rule 7.1(i) allows a party to seek reconsideration where the party believes the judge has "overlooked" a factual or legal issue. L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the [Local] Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). As such, motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Id.* at 613. The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may result in a different conclusion of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

9. For claims under the FHAA and ADA, a plaintiff "must establish a nexus between the accommodations that he or she is requesting, and their necessity for providing handicapped individuals an 'equal opportunity' to use and enjoy housing." *Lapid-Laurel LLC v. Zoning Bd. of Adjustment of Scotch Plains*, 284 F.3d 442, 459 (3d Cir. 2002). "[A] federal court reviewing an FHAA reasonable accommodations challenge to a decision of a local land use board … should limit their review to the materials that were presented to the local land use board" except if the Board prevents applicants from obtaining sufficient evidence. *Lapid-Laurel LLC*, 284 F.3d at 450.

10. Mitchell raises several arguments in the Motion, none of which are grounds for reconsideration. He claims that "the Court minimized [his] reliance on his medical reasons for" seeking an aqua therapy pool. (Mov. Br. p. 2.) He argues that the Board's failure to address those reasons in its resolutions concerning the First and Second Denials demonstrated that it ignored them "outright." (*Id.* pp. 2–6.) He further contends that Willingboro's contrary assertions created a genuine dispute of material fact preventing dismissal. (*Id.*) Mitchell also challenges the Court's reliance on the resolutions arguing that "official documents tell only a part of the story." (*Id.* p. 5.)

11. Mitchell's desire for the Court to place greater significance on his aqua therapy argument does not entitle him to reinstatement of the dismissed claims. *See Database America, Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (noting that a party's disagreement with a court's decision is to be dealt with in the normal appellate process, rather than a motion for reconsideration). The Court is also limited to reviewing the hearing record in its adjudication of FHAA reasonable accommodations challenge to a decision of a local land use board. *Lapid-Laurel LLC*, 284 F.3d at 450. The Court considered the record. Counts one and two were dismissed because Mitchell had "not shown the required nexus between his requested accommodations and their

necessity to provide him equal opportunity to use and enjoy his dwelling." *Mitchell*, 2026 WL 699556, at *4. Rather than new evidence to support reconsideration, the Motion calls attention to issues already addressed. (*See generally* Mov. Br.)

12. Mitchell also misunderstands the burden-shifting framework for FHAA accommodations claims. Mitchell argues that he has carried his "initial burden of showing that [his] requested accommodations are necessary to afford handicapped persons an equal opportunity to use and enjoy a dwelling," and the burden to prove otherwise should shift to Willingboro. (*Id.* p.4. (citing *Lapid-Laurel LLC*, 284 F.3d at 446).) This is incorrect. Once a plaintiff establishes a *prima facie* case is a defendant required to "offer a legitimate reason for their actions." *Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly*, 658 F.3d 375, 385 (3d Cir. 2011). But the Court dismissed the FHAA claim because plaintiff failed to plausibly allege a nexus between the requested accommodation and the necessity to provide him equal opportunity to use and enjoy his dwelling. *Mitchell*, 2026 WL 699566, at *4.

13. As for count six, Mitchell makes no argument as to the dismissal of the Fourteenth Amendment claim.

14. Because Mitchell has shown no intervening change in the law, new evidence, or clear errors of law or fact requiring correction to prevent manifest injustice, the Motion will be denied. *See Max's Seafood Cafe*, 176 F.3d at 677.

Accordingly,

**IT IS** on this **22nd** day of **October 2026** **ORDERED** that:

1. The Motion (ECF No. 64) is DENIED.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**